**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

JILMER JEOVANY REYES PORTILLO,

Petitioner,

v. Case No. 2:26-cv-002405 KWR-DLM

WARDEN, *Otero County Processing Center*,
ACTING DIRECTOR,
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) but now seeks release from ICE custody. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**. To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.

**BACKGROUND**

Petitioner is a citizen of Honduras detained by ICE at the Otero County Processing Center. He entered the United States in 2019. Petitioner was ordered removed on March 18, 2025 and an appeal of the removal order is pending. Petitioner was arrested by ICE on or about March 11, 2026.

On June 2, 2026, an immigration judge denied Petitioner's request for a custody redetermination, reasoning that he lacked jurisdiction or in the alternative Petitioner was a flight risk. On July 7, 2026, the immigration judge reconsidered his decision in part, concluding that he has jurisdiction. However, the immigration judge concluded that Defendant was a flight risk and denied bond. Doc. 6 at 22.

Petitioner asserts the following claims in this case. First, Petitioner asserts that his detention of five months violates the Fifth Amendment. Second, he asserts that he is a not a danger to the community, is not a flight risk, and Respondents have no reason to detain him.

## DISCUSSION

### I. <u>Petitioner received a bond hearing and is lawfully detained</u>.

Petitioner appears to challenge his bond determination, asserting that there is no reason to detain him as he is not a flight risk or danger to the community. Petitioner received a bond hearing, at which the immigration judge concluded he was a flight risk. Petitioner has thus received the process due under 8 U.S.C. § 1226(a).

To the extent Petitioner challenges the determination that he is a flight risk, the Court generally lacks jurisdiction to review an immigration judge's flight risk determination, and he fails to explain why the immigration judge's decision was erroneous.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S.

281, 295 (2018). Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. Doc. 6 at 22. The Court lacks authority to review the immigration judge's discretionary determination. Petitioner does not assert that there was a due process violation at his bond hearing.

The Court notes that the immigration judge initially concluded that (1) he lacked jurisdiction to release Petitioner (2) or in the alternative Petitioner was a flight risk. Doc. 6 at 20. Later, however, the immigration judge reconsidered his decision and concluded that he had jurisdiction. However, he denied bond because Petitioner was a flight risk. Doc. 6 at 22. Thus, it appears that the immigration judge denied bond in his discretion under § 1226(a).

Because Petitioner has received the remedy due, a bond hearing, the Court concludes that Petitioner may be detained under § 1226(a).

## II. **Petitioner has not demonstrated he should be released for prolonged detention.**

Petitioner asserts that his detention is prolonged. Petitioner was placed into immigration detention on March 11, 2026. He received a bond hearing on June 2, 2026. Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to a second bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to another bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an additional bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that noncitizens were not entitled to an additional bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). The Court need not decide which line of cases to follow. Here, Petitioner has been detained by ICE for less than six months. Petitioner has not demonstrated that this constitutes prolonged detention or violates due process. He received a bond hearing approximately two months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release over a bond hearing.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**[1]

____________/S/_______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[1] To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.